UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NADICA WILLIAMS,

     Petitioner,

v.                                                    Case No.: 3:26-cv-1484-MMH-LLL

WARDEN, BAKER COUNTY DETENTION
CENTER and U.S. ATTORNEY GENERAL,

     Respondents.
_____/

## **ORDER**

Petitioner Nadica Williams initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). According to Williams, United States Immigration and Customs Enforcement (ICE) detained her on December 10, 2025. Id. at 4. An immigration judge ordered her removed on February 9, 2026; she is now appealing the immigration judge's order. Id. at 4–5. Williams argues that her continued detention is unlawful because ICE has detained her beyond the presumptively reasonable removal period and ICE is not likely to remove her in the foreseeable future. Id. at 6. She asks the Court to order her immediate release. Id. at 7.

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. <u>Id.</u> at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. <u>Id.</u> "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. <u>Id.</u> (citing <u>Zadvydas</u>, 533 U.S. at 701). Thus, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Akinwale</u>, 287 F.3d at 1052.

Here, by her own admission, Williams is appealing her removal order. Thus, it is not final, rendering any purported claim she raises under <u>Zadvydas</u> not yet ripe, and the Petition is premature. When Williams's <u>Zadvydas</u> claim becomes ripe, she may file a new petition to seek discharge from custody while

she awaits removal. Should she wish to file a new petition, Williams must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Williams must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Williams's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Williams a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 9th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/9
c:
Nadica Williams

3